UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HO KEUNG TSE,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No:  C 12-2653 SBA<br><br>**ORDER DENYING MOTION TO ENLARGE TIME**<br><br>Docket 61. |

Plaintiff Ho Keung Tse ("Plaintiff") brings the instant action for patent infringement against Apple Corporation ("Defendant").  The parties are presently before the Court on Defendant's motion to enlarge time to serve its Patent Local Rule 3-3 Disclosures.  Dkt. 61.  Plaintiff opposes the motion. Dkt. 64.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion without prejudice.

Paragraph five of this Court's Standing Orders provides:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement.  The Court may disregard any papers submitted that do not comply with this rule.

Standing Orders ¶ 5, Dkt. 46.

The parties have failed to comply with this requirement, which is essential to the parties' representation that there is a dispute which requires the Court's resolution.  Until such time as the parties have met and conferred to discuss the issues, it is premature to conclude that there exists a dispute necessitating the Court's intervention.  The meet and

confer requirement is essential to conserving the limited time and resources of the Court and the parties, by obviating the filing of unnecessary motions.

Here, Defendant moves for an enlargement of time to serve its Patent Local Rule 3-3 disclosures until after Plaintiff obtains a corrected reexamination certificate and serves compliant infringement disclosures.  Def.'s Mtn. at 1.  According to Defendant, the reexamination certificate that issued on August 7, 2012 is rife with errors, and that due to these errors, it is unclear what claims the parties should be addressing in this litigation.  Id. In response, Plaintiff states that if Defendant had informed him of the "so-called errors" and deficiencies in his infringement contentions before filing its motion, the parties could have resolved, or at least greatly simplified, Defendant's motion by exchanging a few e-mails.

Had the parties met and conferred as required it appears the parties could have resolved many, if not all, of the issues presented in Defendant's motion.  Because the Defendant failed to certify that the parties have met and conferred on any issue presented by the instant motion, Defendant's motion is DENIED without prejudice.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Defendant's motion to enlarge time to serve its Patent Local Rule 3-3 Disclosures is DENIED without prejudice.

2. The parties shall meet and confer in person or by telephone prior to filing any future motions.

3. This Order terminates Docket 61.

IT IS SO ORDERED.

Dated: 9/27/12

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge