United States District Court
For the Northern District of California

1
2
3
4
5
6
7

8                UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 HO KEUNG TSE,                                  No. C-12-02653 SBA (DMR)

12       Plaintiff(s),                      **NOTICE OF REFERENCE AND ORDER RE DISCOVERY PROCEDURES**

13    v.

14 APPLE INC,

15       Defendant(s).

16 _____/

17 TO ALL PARTIES AND COUNSEL OF RECORD:

18       The above matter has been referred to Magistrate Judge Donna M. Ryu for resolution of
19 Plaintiff's Motion to Compel Discovery ("Motion to Compel"), as well as all further discovery, if so
20 referrred.  The  was noticed for hearing on .

21       The court **VACATES** the current hearing date on the Motion to Compel and **DENIES** the
22 motion without prejudice. Any joint letter regarding the instant discovery dispute (*see* section below
23 entitled "Resolution of Discovery Disputes") shall be filed no later than **November 5, 2012.**
24 Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related
25 Filings > Motions - General > "Discovery Letter Brief."

26       Parties shall comply with the procedures in this order, the Federal Rules of Civil Procedure,
27 and the Northern District of California's Local Rules, General Orders, and Standing Orders.  Local
28 rules, general orders, standing orders, and instructions for using the Court's Electronic Case Filing

system are available at http://www.cand.uscourts.gov.  Failure to comply with any of the rules or orders may be a ground for sanctions.

## RESOLUTION OF DISCOVERY DISPUTES

In order to respond to discovery disputes in a flexible, cost-effective and efficient manner, the court uses the following procedure.  The parties shall not file formal discovery motions.  Instead, as required by the federal and local rules, the parties shall first meet and confer to try to resolve their disagreements.  The meet and confer session must be *in person or by telephone,* and may not be conducted by letter, e-mail, or fax.  If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court.  **Lead trial counsel for both parties must sign the letter**, which shall include an attestation that the parties met and conferred in person or by telephone regarding all issues prior to filing the letter.  Going issue-by-issue, the joint letter shall describe each unresolved issue, summarize each party's position with appropriate legal authority; and provide each party's final proposed compromise before moving to the next issue.  The joint letter shall not exceed ten  pages without leave of court.  **Parties are expected to plan for and cooperate in preparing the joint letter so that each side has adequate time to address the arguments.**  In the rare instance that a joint letter is not possible, each side may submit a letter not to exceed four pages, which shall include an explanation of why a joint letter was not possible.  The parties shall submit one exhibit to the letter that only sets forth each disputed discovery request in full, followed immediately by the objections and/or responses thereto.  No other information shall be included in any such exhibit.  No other exhibits shall be submitted without prior approval by the court.  The court will review the submission(s) and determine whether formal briefing or proceedings are necessary**.  Discovery letter briefs must be e-filed under the Civil Events category of Motions and Related Filings > Motions - General > "Discovery Letter Brief"**.

In the event that a discovery hearing is ordered, the court has found that it is often efficient and beneficial for counsel to appear *in person*.  This provides the opportunity, where appropriate, to engage counsel in resolving aspects of the discovery dispute while remaining available to rule on any disputes that counsel are not able to resolve.  For this reason, the court expects counsel to appear

1  in person.  Permission for a party to attend by telephone may be granted, in the court's discretion,
2  upon written request made at least one week in advance of the hearing if the court determines that
3  good cause exists to excuse personal attendance, and that personal attendance is not needed in order
4  to have an effective discovery hearing.  The facts establishing good cause must be set forth in the
5  request.

6  In emergencies during discovery events (such as depositions), any party may, after
7  exhausting good faith attempts to resolve disputed issues, seek judicial intervention pursuant to Civil
8  L.R. 37-1(b) by contacting the court through the courtroom deputy.  If the court is unavailable, the
9  discovery event shall proceed with objections noted for the record.

## CHAMBERS COPIES AND PROPOSED ORDERS

Pursuant to Civil L.R. 5-1(e)(7) and 5-2(b), parties must lodge an extra paper copy of certain filings and mark it as a copy for "Chambers."  Please three-hole punch the chambers copy and submit it to the Oakland Clerk's Office.

Any stipulation or proposed order submitted by an e-filing party shall be submitted by email to dmrpo@cand.uscourts.gov as a word processing attachment on the same day the document is e-filed.  This address should only be used for this stated purpose unless otherwise directed by the court.

## PRIVILEGE LOGS

If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall *promptly* prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified.  *See* Fed.R.Civ.P. 26(b)(5).  The privilege log shall set forth the privilege relied upon and specify separately for each document or for each category of similarly situated documents:

(a) the title and description of the document, including number of pages or Bates-number range;

(b) the subject matter addressed in the document;

(c) the identity and position of its author(s);

(d) the identity and position of all addressees and recipients;

(e) the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

(f) the specific basis for the claim that the document is privileged or protected.

Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Failure to furnish this information promptly may be deemed a waiver of the privilege or protection.

IT IS SO ORDERED.

Dated: October 9, 2012

_____
DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California

4